[No. A025246. First Dist., Div. Five. Jan. 3, 1985.]

NORMAN SUI et al., Plaintiffs and Respondents, v.
CAROL LANDI, Defendant and Appellant.

## COUNSEL

Carol Landi, in pro. per., for Defendant and Appellant.

Andrea Shpall, Cary L. Dictor, Patricia M. Sliney, Ross, Ivanjack & Alborg and Alborg, Bothel & Dictor for Plaintiffs and Respondents.

## OPINION

**KING, J.**—Carol Landi appeals from the trial court's denial of her motion to dissolve a preliminary injunction. We affirm and impose sanctions on Landi for bringing this frivolous appeal.

Landi apparently believes she has a valid "federal land patent" giving her paramount title to the Mountain View properties of respondents, Norman and Dorothy Sui.[1] Landi claims this patent is valid under the 1848

---

[1] The only papers Landi requested for the clerk's transcript were her own moving papers and the orders of the court. She explicitly requested that no reporter's transcript be prepared and that no other documents be included in the record. As a result, this court has not received the Suis' original and amended complaints or any record of the evidence presented to the court to justify the temporary restraining order and preliminary injunction. This statement of facts is based on the clerk's transcript and the appellate briefs.

Treaty of Guadalupe Hidalgo. She also possesses a document she calls a "declaration of land patent" which is copyrighted. On July 23, 1982, she recorded these documents against the Suis' properties.

In September 1982 Landi sent notices to the Suis and their tenants claiming that she owned their properties. This was followed by notices to quit the premises. Finally, Landi filed unlawful detainer actions against the Suis' tenants.

On November 19, 1982, the Suis filed a complaint against Landi, alleging slander of title and interference with a contract, and seeking cancellation of the recorded instruments. The court issued a temporary restraining order on December 16, 1982, and a preliminary injunction on January 13, 1983, which prohibited Landi from entering on the Suis' properties, annoying the residents of these properties, proceeding with the unlawful detainer action against the residents, recording documents in Santa Clara County concerning the Suis' properties, and filing further actions concerning these properties. Landi moved to dissolve the preliminary injunction on October 28, 1983. The court amended the preliminary injunction to correct the address of the Suis' properties and denied "the Petition for Order Dissolving the Temporary Restraining Order [*sic*]."

Landi has pursued two related actions in this court. First, she filed a petition for writ of prohibition or mandate (A025957) on February 1, 1984, which Division Four of this court denied. The California Supreme Court denied her petition for hearing on March 16, 1984. She filed another petition for writ of mandate (A027625) on June 18, 1984, which this division denied on October 25, 1984. The California Supreme Court denied a petition for hearing in that case on November 20, 1984. These actions all claim the state courts have no jurisdiction to hear the Suis' complaint because it challenges federal patents and copyrights.

Landi's brief contains no coherent argument. She appears to raise two issues in this appeal and the related writs. First, she claims the trial court should have dissolved the preliminary injunction due to extrinsic fraud. Second, she contends the trial court lacked subject matter jurisdiction over the case because it involves federal land patents and copyrights.

■ Whether the injunction was obtained through extrinsic fraud and whether Landi's documents are federal patents or copyrights are both factual issues. Landi appeals on the basis of a partial clerk's transcript. By affirmatively requesting that the reporter's transcript *not* be designated, Landi prevents us from reviewing the evidence and evaluating her arguments. When an appeal is taken on a partial clerk's transcript, the evidence is

conclusively presumed to support the judgment. (*Cosenza* v. *Kramer* (1984) 152 Cal.App.3d 1100, 1102 [200 Cal.Rptr. 18].)

■ We have decided to impose sanctions for the taking of this frivolous appeal. On October 25, 1984, this court issued an order to Landi to show cause why sanctions should not be imposed for a frivolous appeal pursuant to California Rules of Court, rule 26(a), and *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654 [183 Cal.Rptr. 508, 646 P.2d 179].

Although Landi is appealing in propria persona, she appears to be an experienced litigant.[2] Landi's failure to request preparation of the reporter's transcripts was deliberate, not accidental, probably to reduce her costs of appeal. This prevented us from reviewing the facts which support the Suis' action and the court's injunction. The appeal is unquestionably frivolous, vexatious and without merit. Not only has this appeal caused considerable legal expense and needless concern to respondents at both the trial and appellate levels, it has unjustly imposed a waste of public funds upon the taxpayers of California. In addition to the expenses incurred by the respondents, the cost to the taxpayers of processing this totally frivolous appeal, including the cost to the state for the time spent by justices of the Court of Appeal, their research attorneys and their secretaries, far exceeds the penalty we impose.

The order denying the motion to dissolve the preliminary injunction is affirmed. A penalty of $5,000 is imposed on Carol Landi, to be recovered as costs by Norman and Dorothy Sui.

Low, P. J., and Haning, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 20, 1985.

---

[2]Landi's petition for writ of mandate (A027625), contained almost 200 pages of court documents written by Landi. They included a summary judgment motion and attempts to disqualify opposing counsel.