Filed 4/9/13  Moon v. 752 South Main Street CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SANDRA MOON et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>752 SOUTH MAIN STREET et al.,<br><br>    Defendants and Appellants. | B244099<br><br>(Los Angeles County<br>Super. Ct. No. BC475184) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard E. Rico, Judge.  Affirmed.

Stark, Friedman & Chapman and Christofer R. Chapman and Patrick Stark for Defendants and Appellants.

Legal Aid Foundation of Los Angeles, Barbara Schultz, Paul Estuar and Fernando Gaytan; and Steptoe & Johnson, John P. Swenson and Jason Levin, for Plaintiffs and Respondents.

Defendants, 752 South Main LLC, Rodney Goldberg and Richard Stromberg, appeal from a preliminary injunction order entered in favor of plaintiff, Cynthia Johnson. Plaintiff was a tenant at the Huntington Hotel, a 200-unit residential hotel in downtown Los Angeles. Since 2005, the Huntington Hotel has been placed by the Los Angeles Housing Department into the City Rent Escrow Account Program because of numerous health and safety code violations. Defendants purchased the Huntington Hotel in September 2010. To have the residential hotel removed from the City Rent Escrow Account Program, defendants submitted a proposed tenant habitability plan to the Los Angeles Housing Department in December 2010. Plaintiff alleged defendants unlawfully evicted her from her apartment in the Huntington Hotel on December 1, 2011.

On February 14, 2012, plaintiff moved for a preliminary injunction in the instant action. The motion was denied by the trial court because of a pending unlawful detainer case that addressed the same issue. On March 8, 2012, plaintiff moved to vacate and set aside the default judgment in the underlying unlawful detainer case. On May 7, 2012, the trial court granted the motion to vacate and set aside the default judgment after hearing sworn testimony from plaintiff and the process server, Allan Hanlon. The court ruled: "Having heard testimony concerning service of the Summons and Complaint from the registered process server and from defendant, the court grants defendant's motion based upon the relative credibility of the witnesses. [¶] Since defendant was never actually served, the court finds that the judgment is void under [Code of Civil Procedure] 473(d)."

On August 23, 2012, plaintiff renewed her motion for a preliminary injunction reinstating her tenancy at the Huntington Hotel. On September 17, 2012, the trial court granted plaintiff's motion for preliminary injunction. In its minute order, the trial court ruled: "The Court finds that Plaintiff's evidence is credible and sufficient to establish that Plaintiff was turned out from her apartment under the authority of a writ of execution Defendants knew to be based on false proofs of service. On these grounds, Plaintiff has established the likelihood of her success on the merit at trial on her claims for forcible entry and forcible detainer. [¶] With respect to the balance of the harm to the parties in

2

issuing or denying the requested injunctive relief, Plaintiff presents evidence that she has been staying at a homeless shelter since she was locked out of her apartment on December 1, 2011, that she cannot afford to transfer her possessions out of her apartment, and that she [has no] other location to transfer her possessions to." The court concluded the balance of harm to the parties weighed in plaintiff's favor.

We review an order granting or denying a preliminary injunction for abuse of discretion. (*People ex. rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1109; *King v. Meese* (1987) 43 Cal.3d 1217; 1227-1228; *Cohen v. Board of Supervisors* (1985) 40 Cal.3d 277, 286.) Our review is confined to the consideration of whether the trial court abused its discretion in evaluating two interrelated factors: the likelihood that plaintiff will prevail on the merits at trial; and the balance of harm to each party if the preliminary injunction is granted or denied. (*People ex. rel. Gallo v. Acuna, supra,* 14 Cal.4th at p. 1109; *Cohen v. Board of Supervisors, supra,* 40 Cal.3d at p. 286.)

Defendants argue the trial court abused its discretion in granting the preliminary injunction because it misapplied the law and relied upon inadmissible evidence. But defendants concede they did not provide this court with a reporter's transcript of the hearing or a suitable substitute. Defendants assert the reporter's transcript is unnecessary because the trial court's opinion and the basis for its order are set forth in the written minute order. But a judgment is presumed to be correct and appellant has a duty to provide the reviewing court with an adequate record to demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494; *Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 58.) Without a proper record, we cannot determine whether the trial court abused its discretion in granting the preliminary injunction. In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because that appellant failed to provide a reporter's transcript of a pertinent proceeding or a suitable substitute. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986)

3

41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and minor consented to informal adjudication]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385 [order denying preliminary injunction dissolution affirmed based on lack of reporter's transcript].)

The September 17, 2012 preliminary injunction order is affirmed. Plaintiff, Cynthia Johnson, shall recover her appeal costs from defendants, 752 South Main Street, LLC, Rodney Goldberg and Richard Stromberg.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


O'NEILL, J.[*]


I concur:


KRIEGLER, J.

---

[*] Judge of the Ventura County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

MOSK, J., Concurring

I concur.

I concur in the judgment on the grounds that substantial evidence supports the trial court's factual determinations and that there was no abuse of discretion in granting injunctive relief.


MOSK, Acting P.J.