Filed 9/23/13  Hao v. Millbrae Paradise CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WEI HAO et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>MILLBRAE PARADISE etc. et al.,<br><br>    Defendants and Respondents. | B242085<br><br>(Los Angeles County<br>Super. Ct. No. GC048146) |

APPEAL from orders of the Superior Court of Los Angeles County, David G. Milton, Judge.  Affirmed.

Pierry Law Firm, Joseph P. Pierry; and Law Offices of Shin P. Yang and Shin P. Yang, for Plaintiffs and Appellants.

Tron & Tron, Lanny M. Tron and Terry L. Tron, for Defendants and Respondents.

Defendants, Millbrae Paradise LLC and L.F. George Properties Corporation, successfully secured relief from entry of default and a default judgment. Plaintiffs, Wei Hao and Faxue Gong, appeal, arguing the trial court improperly granted defendants' motion for relief on an ex parte basis. Defendants contend plaintiffs' brief failed to present an adequate record for review. We agree.

There are two relevant hearings. On June 29, 2012, an ex parte hearing was held on defendant's motion to set aside the default and default judgment. And on July 9, 2012, an ex parte hearing was conducted on plaintiffs' reconsideration motion. No court reporter was present at either proceeding. No hearing was held on the default prove up request. The judgment was based upon declarations. Plaintiffs have made no effort to secure a settled or agreed statement in connection with what occurred at the June 29 and July 9, 2012 hearings. The parties were advised the absence of a reporter's transcript or a suitable substitute, such as a settled statement, was a problem. In an order filed November 1, 2012, we directed the parties to address the issue of the adequacy of the record on appeal.

In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1672 [transcript of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorney fees sought]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect

2

content of special instructions]; *Buckhart v. San Francisco Residential Rent etc. Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385-386 [motion to dissolve preliminary injunction hearing]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 711-712 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to the jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript or settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 10 [order confirming arbitration award].) As to any evidentiary matters, in the absence of a transcript or a suitable substitute, the ruling is presumed to be correct. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324; *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)

In addition, plaintiffs have failed to provide missing documents. For example, plaintiffs have failed to include proofs of service of the summons and complaint on L.F. George Properties Corporation. Although not dispositive, this is a further example of the inadequacy of the record to assess the trial court's exercise of discretion. (*Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46; *Hernandez v. California Hosp. Med. Ctr.* (2000) 78 Cal.App.4th 498, 502.)

Without the settled statements, we cannot assess what additional arguments may have been presented by the parties at the June 29 and July 9, 2012 hearings. We cannot evaluate whether plaintiffs were prejudiced because both hearings were conducted on an ex parte basis, as plaintiffs assert. All of plaintiffs' jurisdictional arguments are premised on the ex parte nature of the June 29, 2012 hearing. (Plaintiffs make no such argument as to their July 9, 2012 reconsideration motion.) In terms of the complaint and default entry request, defendants' principals' declarations denied knowledge of those documents existence until after the judgment lien was recorded. These are issues involving matters of discretion and fact finding. We cannot assess the reasoning of the trial court in ruling as it did. Thus, without the settled statements, the orders under review must be affirmed.

3

The orders granting relief from default and the default judgment are affirmed. Defendants, Millbrae Paradise LLC and L.F. George Properties Corporation, are awarded their appeal costs from plaintiffs, Wei Hao and Faxue Gong.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


I concur:



KRIEGLER, J.



4

Wei Hao et al. v. Millbrae Paradise etc. et al.

B242085

MOSK, J., Concurring

I believe under the circumstances of this case, the trial court properly granted defendant's motion for relief from entry of a default and default judgment and properly denied the motion for reconsideration. Plaintiff had the opportunity to and did appear at the relevant proceedings.

MOSK, J.