Filed 4/11/14  Gardley v. County of Los Angeles Child Support Services Dept. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MICHAEL V. GARDLEY, | B245246 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LD017096) |
| v. | |
| COUNTY OF LOS ANGELES CHILD SUPPORT SERVICES DEPARTMENT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael J. Convey, Judge.  Affirmed.

Michael V. Gardley, in pro. per., for Plaintiff and Appellant.

Jennifer Coultas, Chief Attorney, and Richard H. Kim, Legal Counsel, for Defendant and Respondent.

_____

The trial court denied the May 25, 2012 ex parte motion of appellant Michael V. Gardley seeking relief from 13 years of child support based upon allegations of fraud, intentional and negligent infliction of emotional distress, negligence, parental child abduction, and loss of income. Gardley and Venus D. Gardley, were parties to a dissolution action, case No. LD017096, filed in the 1990's. No child support order was entered in the dissolution action, but the Los Angeles County Child Support Services Department (County) obtained support orders in two separate cases--Nos. D248016 and BY450789. The court denied Gardley's motion for relief in case No. LD017096 on the basis that no child support order had been entered in that case, and any attempt to set aside child support orders and refund payments should be pursued in case Nos. D248016 and BY450789.

The record in this appeal consists of a clerk's transcript, supplemental clerk's transcript, and various documents in a motion to augment the record. Although Gardley's allegations are fact-specific, complaining of conduct by courts, the County, and Venus Gardley, there is no reporter's transcript or suitable substitute, such as a settled statement, of any of the proceedings in the three cases referred to by Gardley in his appellate briefs.

We directed the parties to address whether Gardley had presented an adequate record on appeal. We conclude he has failed to do so. "On appeal, we presume the judgment is correct and we will not reverse unless the appellant establishes error occurred and that the error was prejudicial. (*People v. Kelly* (1986) 183 Cal.App.3d 1235, 1240.)" (*People v. Mays* (2007) 148 Cal.App.4th 13, 33-34.) "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.* To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 153-154.)" (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

The lack of a reporter's transcript or settled statement of all pertinent proceedings in the trial court is fatal to Gardley's appeal. We are unable to assess the merits of

Gardley's assertions on appeal in the absence of a complete record of trial court proceedings. "In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorney fees sought]; *Estate of Fain*[*, supra,*] 75 Cal.App.4th [at p.] 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385-386 [motion to dissolve preliminary injunction hearing]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713-714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to the jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript or settled statement].)" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187.)

**DISPOSITION**

The judgment is affirmed.  Costs on appeal are awarded to the County of Los Angeles Child Support Services Department.


KRIEGLER, J.


We concur:


TURNER, P. J.


MINK, J.*

---

\*      Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.