Filed 9/16/14  Rabbini v. America's Wholesale Lender CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| YASAMAN RABBANI, | B249172 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC095326) |
| v. | |
| AMERICA'S WHOLESALE LENDER et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Huey P. Cotton, Judge.  Affirmed.

Wiederschall & Baker, Andrew S. Baker and Yasaman Rabbani, in Pro. Per., for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Kerry W. Franich for Defendants and Respondents.

# I. INTRODUCTION

Plaintiff, Yasaman Rabbani, appeals from the trial court's order granting summary judgment. Plaintiff sued defendants: Bank of America, N.A. (Bank of America); Mortgage Electronic Registration Systems, Inc. (Mortgage Electronic); America's Wholesale Lender (America's Wholesale); and Recontrust Company, N.A. (Recontrust). Plaintiff's second amended complaint contains claims for contract breach, implied covenant breach and fraud. Defendants filed a summary judgment motion. No opposition was filed. The trial court granted summary judgment in favor of defendants. Plaintiff moved for reconsideration, arguing she received no notice of the summary judgment motion. The trial court denied plaintiff's reconsideration motion. Plaintiff contends the trial court erred by denying her the opportunity to file an opposition. We affirm.

# II. BACKGROUND

## A. Plaintiff's Complaint

On November 2, 2011, plaintiff filed her complaint. On February 27, 2012, she filed her first amended complaint. On July 12, 2012, defendants demurred to the first amended complaint, which the trial court sustained with leave to amend. On July 30, 2012, plaintiff filed her second amended complaint.

Plaintiff's second amended complaint alleges the following. On July 1, 2002, America's Wholesale and plaintiff executed a first deed of trust and negotiable promissory note. America's Wholesale extended to plaintiff a $920,000 loan secured by her real property in Sherman Oaks, California. Mortgage Electronic acted as a nominee for America's Wholesale as a beneficiary of the trust.

On February 4, 2011, a corporation assignment of the trust deed dated January 28, 2011, was recorded. On January 31, 2011, a default notice and election to sell under the

2

deed of trust was recorded. Plaintiff had attempted to modify her loan with defendants between 2010 and 2011. Plaintiff relied on defendants' employees, agents, and representatives when she stopped making mortgage payments to comply with a loan modification.

The pooling and servicing agreement governed the securitization of her mortgage. Plaintiff alleges: defendants violated the pooling and servicing agreement; defendants improperly transferred the promissory note and mortgage loan and could not have assigned plaintiff's loan into a securitized trust after the trust closing date; and causes of action for contract and implied covenant breach and fraud. She seeks compensatory, special, general and punitive damages, attorney's fees and costs, restitution, and declaratory relief.

### B. Defendants' Summary Judgment Motion And Undisputed Facts

On October 17, 2012, defendants filed their summary judgment motion. Defendants argued: plaintiff failed to tender the loan and thus could not challenge any potential foreclosure sale; the contract breach claim failed because the holder of the promissory note and deed of trust was not a named party; plaintiff lacked standing to challenge the transfer because she was not a party to the pooling and servicing agreement; concerning the fraud claim, plaintiff failed to demonstrate any elements of fraud; and the implied covenant claim failed because plaintiff cannot establish a contract breach.

### C. Undisputed Facts

The following were asserted as undisputed facts by defendants. Plaintiff was the legal owner of the property. On October 25, 2005, plaintiff refinanced her home through a loan originated by America's Wholesale. America's Wholesale secured a loan in the sum of $920,000 by a first trust deed on plaintiff's residence. The trust deed was

recorded in the official property records.  Under the trust deed, plaintiff was identified as the trustor.  America's Wholesale was the lender.  Recontrust was the trustee.  Mortgage Electronic was the nominee for the lender.

On March 26, 2009, plaintiff entered into a loan modification with Countrywide Home Loans.  Plaintiff defaulted after seven payments.  Plaintiff failed to allege any specific written misrepresentation regarding her fraud claim.

As nominee for the lender, Mortgage Electronic executed a corporate assignment of the first deed of trust to U.S. Bank, National Association (U.S. Bank).  U.S. Bank became the lender and secured party under the loan.  The corporate assignment was recorded in the official records of Los Angeles County on February 4, 2011.  Bank of America was the servicer of the loan on U.S. Bank's behalf and did not hold either the promissory note or trust deed.  Bank of America was not named in the corporate assignment as holding a legal interest.

Plaintiff pled that the promissory note and trust deed were void because they were securitized.  Plaintiff had not offered to tender the amounts due under the promissory note and trust deed to U.S. Bank.  Plaintiff defaulted on her loan by missing the August 2009 payment, though subsequent payments were tendered.

On January 28, 2011, Recontrust, the original trustee, executed a notice of default and election to sell under trust deed.  This default notice was recorded on January 31, 2011.  On February 8, 2011, Recontrust mailed a copy of the default notice and election to sell by first class mail to plaintiff at the property's address.  There was no foreclosure sale pending and no active notice of trustee's sale.  Plaintiff mislabeled U.S. Bank as the original trustee in her second amended complaint.  U.S. Bank was the current holder of the promissory note and the beneficiary by assignment.  Plaintiff did not identify the pooling and servicing agreement that was breached nor attach a copy of the agreement to her second amended complaint.  Plaintiff did not allege she was a party to the pooling and servicing agreement.

4

D.  Plaintiff Files No Opposition; Trial Court Grants
Summary Judgment And Denies Reconsideration

On February 6, 2013, defendants filed a notice that they had not received any opposition to their summary judgment motion.  On February 19, 2013, defendants' summary judgment motion was granted.  Notice of the entry of judgment was served on February 20, 2013.  On February 28, 2013, plaintiff moved for reconsideration of the February 19, 2013 order.  Plaintiff asserted:  she did not receive notice of defendants' summary judgment motion; she only learned of defendants' motion on February 14, 2013 when she went to the clerk to access her files; she would have successfully opposed defendants' summary judgment motion; and reconsideration should be granted under Code of Civil Procedure section 1008.  No summary judgment opposition or separate statement was filed by plaintiff.

On March 26, 2013, the trial court issued its tentative decision to deny plaintiff's reconsideration motion.  The trial court found the proof of service for the summary judgment motion conformed to plaintiff's address.  The trial court entered judgment that day.  Plaintiff appealed.

III.  DISCUSSION

A.  The Trial Court Properly Granted Summary Judgment For Defendants

In *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850-851, our Supreme Court described a party's burden on summary judgment motions as follows:  "[F]rom commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law.  That is because of the general principle that a party who seeks a court's action in his favor bears the burden of persuasion thereon.  [Citation.] There is a triable issue of material fact if, and only if, the evidence would allow a

5

reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. . . . [¶] [T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact . . . . A prima facie showing is one that is sufficient to support the position of the party in question. [Citation.]" (Fns. omitted; see *Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 877–878.)

We review an order granting summary judgment de novo. (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336; *Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65, 67–68.) The trial court's stated reasons for granting summary judgment are not binding because we review its ruling not its rationale. (*Coral Construction, Inc. v. City and County of San Francisco, supra,* 50 Cal.4th at p. 336; *Continental Ins. Co. v. Columbus Line, Inc.* (2003) 107 Cal.App.4th 1190, 1196.) In addition, a summary judgment motion is directed to the issues framed by the pleadings. (*Turner v. Anheuser–Busch, Inc.* (1994) 7 Cal.4th 1238, 1252; *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673, overruled on a different point in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527, fn. 5.) These are the only issues a motion for summary judgment must address. (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1249–1250; *Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 364.)

Here, defendants made a prima facie showing that no triable issue of facts exists. As to the contract breach claim, defendants demonstrated plaintiff lacked standing to sue for violation of the pooling and servicing agreement. Plaintiff was not a party or third-party beneficiary to the agreement. As noted by our colleagues in the Fourth District, "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note."

6

(*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507; see *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515 [unrelated third party to alleged securitization lacks standing to enforce the trust's pooling and servicing agreement].)

Defendants also met their burden of demonstrating the implied covenant breach claim had no merit. Plaintiff failed to allege how defendants violated the express terms of the promissory note and trust deed. As there was no contract breach, there was no violation of the implied covenant. Our colleagues in the Fourth District have held, "The [implied] covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" (*Agosta v. Astor* (2004) 120 Cal.App.4th 596, 607, quoting *Guz v. Bechtel Nat. Inc.* (2000) 24 Cal.4th 317, 349-350.) As demonstrated by the undisputed facts, Recontrust executed a notice of default and election to sell under the terms of the trust deed. The trust deed trust provides, "The [promissory] Note . . . (together with this Security Instrument [the deed of trust]) can be sold one or more times without prior notice to Borrower [plaintiff]." The trust deed also provides, "Borrower irrevocably grants and conveys to Trustee [Recontrust], in trust, with power of sale, [the property]." Defendants thus were permitted to transfer the promissory note and trust deed and to sell the property.

Defendants also met their burden of demonstrating no triable issue of material fact existed for plaintiff's fraud claim. Our Supreme Court has set forth the elements of a fraud cause of action: "The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." (*Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 990; *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.) The Courts of Appeal have held, "[W]hen a plaintiff asserts fraud against a corporation, the plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.' [Citation.]" (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1469; *Tarmann*

7

*v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157.)  Plaintiff failed to allege who made the fraudulent representations to her and what those misrepresentations were.  Defendants met their burden of demonstrating no triable issue of material facts existed for all of plaintiff's claims.  (Code Civ. Proc. § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at pp. 850-851).  In the absence of an opposition, the trial court correctly granted summary judgment.

### B.  The Trial Court Could Properly Deny Plaintiff's Reconsideration Motion

Plaintiff contends the trial court denied her the opportunity to file an opposition. Under Code of Civil Procedure section 1008, subdivision (a):  "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order.  The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."  An order adjudicating a reconsideration motion is reviewed for abuse of discretion.  (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212; *Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457.)  We apply the following test for an abuse of discretion:  "'"'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.'"'  [Citations.]" (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1339; *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479.)

Plaintiff failed to submit the reporter's transcripts or a suitable equivalent for the various hearings relevant to this appeal.  In numerous situations, appellate courts have

8

refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]; *Boeken v. Philip Morris Inc.* (2005) 127 Cal.App.4th 1640, 1672 [transcript of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorney fees sought]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent Etc. Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385-386 [motion to dissolve preliminary injunction hearing]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713-714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to the jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript or settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 10 [order confirming arbitration award].) Plaintiff was granted leave to augment the record with the reporter's transcripts to be filed concurrently with her appellate brief. No reporter's transcripts or suitable substitute were submitted. Plaintiff has failed to provide an adequate record to permit appellate review. On this ground, the judgment must be affirmed as it relates to the reconsideration motion.

In any event, the trial court found plaintiff failed to produce a satisfactory explanation concerning why she failed to file an opposition. The trial court ruled the proof of service which accompanied the summary judgment motion indicated it was properly served. The trial court did not abuse its discretion. The address listed in the

proof of service for the summary judgment motion was the same as plaintiff's address listed on her reconsideration motion and for this appeal.

## IV.  DISPOSITION

The March 26, 2013 judgment is affirmed.  Defendants, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., America's Wholesale Lender, and Recontrust Company, N.A., are awarded their appeal costs from plaintiff, Yasaman Rabbani.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.

10