Filed 3/9/23  Zuo v. Lu CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JING ZUO, | B321608 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. 18STCV07735 |
| v. | |
| YUE LU, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge. Affirmed.

Law Offices of Steve Luan and Steve Luan for Plaintiff and Appellant.

Law Offices of Aijun Zhang and Aijun Zhang for Defendant and Respondent.

## INTRODUCTION

Plaintiff Jing Zuo sued defendants Yue Lu, Shi Qiang Zhang,[1] and L&L Flying Holding, Inc. for fraud, civil conspiracy, money had and received, and open book account. After a six-day bench trial, the court entered judgment in Lu's favor on all of Zuo's claims. As to Zhang, the court entered judgment in Zuo's favor on her claims for fraud and money had and received, and it entered judgment in Zhang's favor on Zuo's claims for civil conspiracy and open book account.

Zuo appeals, challenging the court's findings that Lu wasn't liable under any of the theories raised in Zuo's complaint. Although a reporter transcribed the proceedings at trial, Zuo hasn't provided a copy of the reporter's transcripts or a suitable substitute record. Because we lack an adequate record to review Zuo's claims raised on appeal, we affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND[2]

Zuo's lawsuit arises out of her use of "an underground banking network" to exchange United States currency into Chinese Yuan, or "RMB," and to transfer those converted funds to a bank account in China.

In March 2018, Zuo's niece met Lu at his store, L&L Flying Furniture Store (L&L), where he offered to provide currency exchange and money transfer services for a two percent commission. Zuo decided to use Lu's service and wrote him a

---

[1] We sometimes collectively refer to Lu and Zhang as "defendants."

[2] Because we lack an oral record of the proceedings, our factual summary is taken from the court's statement of decision.

$10,000 check, which he deposited. Later, Zuo's money—less Lu's two percent commission—was deposited as RMB in Zuo's bank account in China.

Because her transaction was successful, Zuo sought to convert and transfer more money through Lu. She asked Lu to process $500,000, but he refused, telling her someone else would need to handle a conversion and transfer of such a large sum of money.

In May 2018, Zuo decided to convert and transfer $250,000 through Lu. She gave her niece two blank checks, which the niece dropped off at Lu's office. Lu told the niece he would add the necessary information to the checks before depositing them.

Only one of Lu's checks was deposited. That check had been made payable to Zhang for $120,000, and it was deposited into Zhang's bank account. About one week later, Lu told Zuo's niece that he was worried Zhang wouldn't complete the transaction. Lu told the niece to contact Zuo's bank to stop payment on the $120,000 check. When Zuo's niece contacted the bank, the $120,000 had already been withdrawn. Zuo never recovered that money.

Lu knows Zhang through their work in the furniture business. Zhang had also converted and transferred money for Lu in the past. At the time Zuo was using Lu to convert and transfer money to China, Zhang worked as a "tour guide for Chinese nationals visiting Southern California." Zhang received Zuo's check for $120,000 and, after depositing the check in his account, gave the money to one of his clients to use to gamble in Las Vegas. That client was supposed to deposit an equivalent amount of RMB into Zuo's bank account in China, but he never did.

In December 2018, Zuo sued Lu, Zhang, and L&L for fraud, civil conspiracy, money had and received, and open book account. Zuo alleged L&L was Lu's and Zhang's alter ego.

The court conducted a 6-day bench trial in January 2022. A reporter transcribed the proceedings at trial. Zuo, Lu, Zhang, and Zuo's niece testified at trial, and several of Zuo's exhibits were admitted into evidence.

In March 2022, the court issued a seven-page statement of decision. The court found for Lu, and against Zuo, on all of Zuo's claims. As to Zhang, the court found for Zuo on her claims for fraud and money had and received, and it found for Zhang on Zuo's claims for civil conspiracy and open book account.[3]

With respect to Zuo's fraud, civil conspiracy, and money had and received claims, the court found all parties, including Zuo, "knowingly participated in an unlawful scheme." As to Lu, the court found Zuo failed to prove he intended to steal Zuo's money or conspired with Zhang to do so. The court found there was conflicting testimony about whether Lu and Zhang were "business partners." In any event, the court found Lu acted in good faith when he referred Zuo to Zhang and later tried to help Zuo stop payment on the check Zhang deposited.

As for Zuo's claim for open book account, the court found Zuo failed to prove the underlying transaction "was handled through … Lu's book account, as opposed to him merely acting as an intermediary" for Zuo and Zhang.

In May 2022, the court entered judgment in Lu's favor on all of Zuo's claims, in Zuo's favor and against Zhang on Zuo's

---

[3] The court did not make any findings as to defendant L&L Flying Holding, Inc.

4

fraud and money had and received claims, and in Zhang's favor on Zuo's remaining claims. In total, the court awarded Zuo $165,893.87 in damages and $12,635.08 in costs against Zhang.

Zuo appeals.

## DISCUSSION

A judgment or order challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799 (*Dietz*).) " ' " ' "All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown." ' [Citation.]" ' " (*Taylor v. Nabors Drilling USA, LP* (2014) 222 Cal.App.4th 1228, 1250.) An appellant's failure to provide an adequate record requires the reviewing court to resolve any issues that rely on the missing record to be resolved against the appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 (*Maria P.*); see *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362 (*Oliveira*).)

Appellate courts have repeatedly refused "to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. (*Maria P. v. Riles*[, *supra*,] 43 Cal.3d [at pp.] 1295–1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorney fees sought]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit

5

motion where trial transcript not provided]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385–386 [motion to dissolve preliminary injunction hearing]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713–714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71–73 [transcript of argument to the jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript [or] settled statement].)" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187.)

Most of Zuo's claims on appeal attack the factual bases for the court's determination that Zuo failed to prove Lu was liable for fraud and civil conspiracy. Zuo's arguments focus on the court's finding that there was insufficient evidence to prove Lu intended to steal from, or otherwise defraud, Zuo. For instance, Zuo contends the "facts of this matter have proven that [Lu] must be liable because he committed fraud in inducing [Zuo] to use his foreign currency exchange service … ." (Bold and underlining omitted.) Likewise, Zuo argues she proved her fraud claim because she presented evidence that Lu withheld critical information to convince her to use his underground banking system. Zuo also contends the court's finding that she acted with unclean hands by knowingly engaging in an illegal transaction is not supported by the record. Zuo, however, has not provided an oral record of the proceedings, including reporter's transcripts or a suitable substitute from the six-day bench trial. As we explain,

Zuo's failure to supply a complete record is fatal to her claims on appeal.

Whether Lu intended to steal from, or to defraud, Zuo is a factual question that we review for substantial evidence. (See *Nautilus, Inc. v. Yang* (2017) 11 Cal.App.5th 33, 40 ["Whether a transfer is made with fraudulent intent and whether a transferee acted in good faith" are questions of fact]; *Brawerman v. Loeb & Loeb LLP* (2022) 81 Cal.App.5th 1106, 1116 [questions of intent and purpose are ordinarily questions of fact].) Similarly, whether someone acted with unclean hands is a question of fact. (*Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.App.4th 970, 978 ["Whether the doctrine of unclean hands applies is a question of fact."].) "In reviewing the evidence, we examine the entire record to determine whether there is any substantial evidence—contradicted or uncontradicted—to support the trial court's findings. [Citation.] We must accept as true all evidence supporting the trial court's findings, resolving every conflict in favor of the judgment." (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 11–12.)

Without an oral record of the bench trial, we are unable to examine what evidence, if any, would support a finding that Lu intended to steal from or defraud Zuo. Indeed, according to the court's statement of decision, there was evidence that Lu acted in good faith during his dealings with Zuo and lacked the intent to steal from her. Since Zuo has failed to provide us with an adequate record of the proceedings at trial, we must presume substantial evidence supports the court's finding that Lu lacked the intent necessary to establish any of Zuo's claims against him. (*Maria P., supra*, 43 Cal.3d at pp. 1295–1296.) For the same reason, we must presume the court properly found Zuo acted with

unclean hands when she engaged Lu to use an illegal banking system to convert her money and transfer it to a bank account in China. (*Ibid.*)

That Zuo has provided us with some documents she claims were admitted at trial does not mean we have an adequate record to review her claims on appeal. First, none of the documents included in the appellant's appendix include a court stamp showing they were admitted as exhibits at trial. Although the court's minute orders indicate several of Zuo's exhibits were admitted, Zuo has not established the documents included in the appellant's appendix are the same exhibits that were admitted at trial. In any event, even if we were to assume the documents included in the appellate record were admitted at trial, we still lack transcripts of the witnesses' testimony from trial. As we explained above, we cannot disturb the court's findings or judgment without a complete record of the trial proceedings. (*Oliveira*, *supra*, 206 Cal.App.4th at p. 1362 [" 'The absence of a record concerning what actually occurred at the trial precludes a determination that the trial court [erred].' "].)

Finally, we reject Zuo's claim that Lu should be held jointly and severally liable for Zuo's costs of suit. Under Code of Civil Procedure section 1032, "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (*Id.*, subd. (b).) That statute defines a prevailing party as "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." (*Id.*, subd. (a)(4).)

8

The court entered judgment in Lu's favor on all of Zuo's claims, and Zuo recovered nothing from Lu. Thus, as between Lu and Zuo, Lu is the prevailing party. (Code Civ. Proc., § 1032, subd. (a)(4).) Consequently, Zuo is not entitled to recover any costs from Lu.

## DISPOSITION

The judgment is affirmed. Yue Lu shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

NGUYEN, (KIM) J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.