Filed 5/28/26  Lakeisha L. v. Burgess CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LAKEISHA L., | B345248 |
| Plaintiff and Respondent, | Los Angeles County |
| | Super. Ct. No. |
| v. | 23STPT02298 |
| MARTEL BURGESS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Patricia A. Young, Judge.  Affirmed.

Martel Burgess, in pro. per., for Appellant.

No appearance for Respondent.

————————

Martel Burgess appeals from a domestic violence restraining order (DVRO) entered in favor of Lakeisha L., the mother of his son, M. Burgess contends the trial court "committed two significant errors that individually and collectively violated [his] statutory and constitutional rights." However, Burgess has failed to provide an adequate record. There is no reporter's transcript of the proceedings nor any permissible substitute. Nor does the record on appeal include the key pleadings filed in the trial court. Accordingly, we are unable to assess Burgess's claims of error. We therefore affirm.

## BACKGROUND

The superior court's case summary contained in the clerk's transcript shows that, in August 2023, Lakeisha L. filed a petition to determine parental relationship. (The case summary lists the names of pleadings and the dates they were filed, but the clerk's transcript does not include those documents themselves.) Litigation apparently ensued over the next 18 months regarding custody, visitation, and support.

In December 2024, Lakeisha apparently filed a request that a temporary restraining order be reissued. The clerk's transcript does not include the petition or other pleading Lakeisha filed. On January 6, 2025, Burgess filed a one-paragraph declaration. Burgess stated Lakeisha's claims were "meritless." He stated her "request for a TRO contain[ed] no new allegations of credible fear," and was "the culmination of manufactured stories," "lack[ing] any evidence." Burgess asserted Lakeisha's "purpose" was to "weaponiz[e] TRO's to deprive [him] and [their son M.] of an equitable and fulfilling life." Burgess contended, "This relentless and ironic habit of Lakeisha's to unnecessarily file TRO's against me must cease, as it ultimately amounts to

2

harassment, false declarations to the court, and unnecessarily deprives [M.] of a just future."

A minute order reflects the parties appeared before the court on January 9, 2025. Burgess appeared by LACourtConnect; Lakeisha apparently appeared in person. The minute order identifies a court reporter, Thelma Fong. According to the minute order, the parties were "affirmed" and testified. Lakeisha presented an exhibit—Ring camera video footage—and the court admitted it into evidence. The court granted Lakeisha's request for a DVRO for two years. The court ordered the parties to appear at a mediation on January 15, 2025. The court signed and filed a 17-page document consisting of a Restraining Order After Hearing (Order of Protection), a Child Custody and Visitation Order, and an Order to Prevent Child Abduction.

The case summary reflects a "Restraining Order Hearing" on January 27, 2025. The entry lists the dates of November 14 and December 5, 2024, and January 9, 23, and 27, 2025. The entry states, "Resource: Court Reporter NONE Reported, Not." While the case summary lists a minute order filed January 27 and a "Restraining Order After Hearing" filed January 28, the clerk's transcript does not include those documents.

On March 25, 2025, Burgess filed a notice of appeal from the January 9 order.[1] On his Notice Designating Record

---

[1]   On April 7, 2025, Burgess also filed a notice of appeal from an order entered March 28, 2025. A minute order of that date reflects the court ordered Burgess to pay Lakeisha child support for M. commencing March 1, 2025. According to the minute order, Burgess did not attend the hearing. Burgess's opening brief on appeal does not address this child support issue. Accordingly, we do not consider it.

on Appeal, filed April 8, 2025, Burgess checked box 2.a. That paragraph provides, "I choose to proceed . . . a. WITHOUT a record of the oral proceedings (what was said at the hearing or trial) in the superior court. I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings." Burgess left blank section 2.b. of the form concerning an agreed statement or a settled statement as a "record of the oral proceedings in the superior court."

## DISCUSSION

On appeal, Burgess contends he "was not properly served with notice of the court date for the preliminary injunction proceedings." He also complains Lakeisha presented "new video evidence"—presumably referring to the Ring camera video— and he "was not afforded an opportunity to properly examine, authenticate, or respond to this video evidence before the court rendered its decision." Burgess states he "objected to both the lack of proper notice and the introduction of unauthenticated video evidence without an opportunity to examine and respond to it."

Burgess's citations to the clerk's transcript are problematic. For example, citing page 23 of the clerk's transcript, Burgess asserts Lakeisha's motion "was originally scheduled to be heard on January 16, 2025." However, page 23 of the clerk's transcript is the first page of the Child Custody and Visitation Order entered on January 9; it says nothing about a January 16 hearing. Citing pages 31–32 of the clerk's transcript, Burgess asserts "notice of this rescheduled hearing date was mailed to an outdated address for [him]." But pages 31–32 of the

4

clerk's transcript are the minute order of the January 9 hearing, at which Burgess was present via LACourtConnect. The order says nothing about service, much less to an "outdated address." Burgess's other citations to the clerk's transcript are similarly flawed.

Burgess also cites to a "Reporter's Transcript" but—as we have said—there is no reporter's transcript of the proceedings on January 9 or any other date. In his Notice Designating Record on Appeal, Burgess checked the box stating he had chosen to proceed "WITHOUT a record of the oral proceedings." That box plainly warned Burgess that this appellate court would "not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings."

"The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and it is the appellant's burden to affirmatively demonstrate error." (*Argueta v. Worldwide Flight Services, Inc.* (2023) 97 Cal.App.5th 822, 833, citing *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) "All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564.) "[T]he burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson*, at pp. 608–609; accord *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

Burgess also has failed to provide a permissible substitute for a reporter's transcript of the January 9, 2025 hearing. (See

Cal. Rules of Court, rule 8.120(b).[2]) "Where no reporter's transcript has been provided . . . it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992, citing *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 153–154.) "The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain,* at p. 992, citing *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385–386; *National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521–522.)

Because Burgess has failed to comply with California Rules of Court, rule 8.120(b), we simply don't know what happened at the hearing, at the conclusion of which the court granted Lakeisha's request for a DVRO. Burgess says he objected to the admission of the Ring camera video but we don't know what he argued to the court, what Lakeisha's counsel may have said in response, or the reasons the court gave for overruling any objection and admitting the evidence. We don't know whether Lakeisha or Burgess testified, nor what either of them said in their testimony. In short, we have no idea what happened at the January 9 hearing, beyond the fact the court granted Lakeisha the relief she requested. None of Burgess's arguments

---

[2] California Rules of Court, rule 8.120(b) provides, "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: (1) A reporter's transcript under rule 8.130; (2) An agreed statement under rule 8.134; or (3) A settled statement under rule 8.137."

warrants discussion because the merit of every argument hinges on the contents of a record Burgess has failed to provide.

The Judicial Council promulgated California Rules of Court, rule 8.120(b) for a reason. " 'It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant.' " (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) "In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186.)

## DISPOSITION

We affirm the trial court's order granting Lakeisha L. a DVRO. As Lakeisha did not appear in this appeal, we award no costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, Acting P. J.

We concur:

ADAMS, J.

HANASONO, J.