[Civ. No. 21381.   First Dist., Div. Three.   Oct. 6, 1964.]

MARY LEE CALHOUN, Plaintiff and Appellant, v. CHRIS D. HILDEBRANDT et al., Defendants and Respondents.

Garry, Dreyfus & McTernan, Charles R. Garry, Fay Stender and Benjamin Dreyfus for Plaintiff and Appellant.

Walcom & Harmon, Bledsoe, Smith, Cathcart, Johnson & Rogers, Robert A. Seligson and Leo J. Walcom for Defendants and Respondents.

SALSMAN, J.—Appellant brought this action against both respondents to recover damages for personal injuries arising out of a three-car accident. The jury returned a verdict in appellant's favor in the sum of $3,500 against respondent Sheldon only.

On appeal appellant's principal contentions are that counsel for respondent Sheldon was guilty of misconduct in making an appeal to race prejudice; that the trial court erred in refusing to admit certain medical bills into evidence; and that the amount of the verdict is inadequate as a matter of law.

■■■ Appellant is a Negro. She asserts in her brief that counsel for respondent Sheldon in his argument to the jury contended that Negroes have a tendency to exaggerate their complaints, to have poor memories, and to be unable to remember events. Appellant argues that these remarks contravene the public policy of this state forbidding discrimination against Negroes because of race (see *James* v. *Marinship Corp.*, 25 Cal.2d 721, 739, 740 [155 P.2d 329, 160 A.L.R. 900]), and that the alleged comments were so highly prejudicial they could not be cured by instructions to the jury and hence reversal of the judgment is required. (See *People* v. *Tucker*, 164 Cal.App.2d 624, 628 [331 P.2d 160]; *People* v. *Newman*, 113 Cal.App. 679, 680-681 [298 P. 1044].)

The record does not support appellant's charge. We must therefore reject this ground of appeal. At some point in the trial, all counsel agreed that arguments made to the jury need not be reported by the court reporter. Respondents' arguments do not appear in the record, nor do we have appellant's opening argument. However, at respondents' request, a portion of appellant's final argument was reported.

In that portion of the argument appellant said to the jury: "Here is a man who has the nerve and audacity to tell you that the people of color, the Negro people, are more complaining; the [sic] exaggerate." These comments, appellant contends, were made in response to the unreported argument of counsel for Sheldon and demonstrate that respondent did in fact make the prejudicial remarks attributed to him. We cannot accept this interpretation. It is not corroborated by anything in the trial record and finds support only in appellant's assertion that the words were in fact spoken.

Later appellant moved for a new trial, specifying insufficiency of the evidence as her only ground. This motion was denied. Thereafter, while the reporter's transcript was in preparation, appellant filed a motion pursuant to rule 4(e), California Rules of Court, to obtain a settled statement embodying the alleged prejudicial statements of counsel. The record of proceedings on this motion shows that the trial judge was unable to recall the nature of the argument or the words used, except in a general way, and counsel for respondent Sheldon was unable to affirm or deny that the statements attributed to him had or had not been made. The record also discloses that approximately six months elapsed between the trial and the motion for a settled statement, and that both judge and counsel had participated in many jury trials following the case from which this appeal is taken. The trial court denied appellant's motion for a settled statement. Thus the only record we have of the alleged prejudicial argument is one made by appellant, consisting of fragmentary references made in closing argument, and comment on the motion for a settled statement.

It is a fundamental rule of procedure that an appellant must make an affirmative showing of error by an adequate record. (*Hughes* v. *Wheeler*, 76 Cal. 230, 234 [18 P. 386]; *Cockrill* v. *Clyma*, 98 Cal. 123, 126 [32 P. 888]; 3 Witkin, Cal. Procedure, p. 2302.) Here we do not have an adequate record sufficient to enable us to verify or refute appellant's charge of prejudicial argument. In their briefs the parties disagree as to whether appellant made any objection to respondents' argument. Appellant asserts such an objection was made. Respondents deny it. Of course, if an improper argument was in fact made and no objection or assignment of misconduct urged in the trial court, the point may not be raised for the first time on appeal (*State Rubbish etc. Assn.* v. *Siliznoff*, 38 Cal.2d 330, 340 [240 P.2d 282], and cases cited; *Horn* v. *Atchison, T. & S. F. Ry. Co.*, 61 Cal.2d

602, 610 [39 Cal.Rptr. 721, 394 P.2d 561]), unless the argument is of such inflammatory character that no admonition from the trial judge could erase its prejudicial effect. (See *People* v. *Newman, supra,* 113 Cal.App. 679, 688-689; *People* v. *Tucker, supra,* 164 Cal.App.2d 624, 628.) Even if the words attributed to counsel for Sheldon were used in argument, it does not appear to us that they are so highly inflammatory that a prompt admonition from the trial judge could not have erased their prejudicial effect from the minds of fair and impartial jurors.

■ Appellant next complains of the trial court's refusal to admit into evidence certain bills for medical expense. Two bills were offered: first, a bill from Dr. Goodlett, appellant's treating physician, in the sum of $260; second, a bill from Dr. Abel in the amount of $25 for an X-ray of appellant. Neither bill had been paid. Dr. Goodlett did not testify, and there was no evidence to show that all of the services covered by his bill were made necessary as a result of injuries sustained by appellant in the accident, or that the charges for the services were reasonable. Dr. Abel did not testify. The X-ray taken by him was not offered in evidence although it was referred to in a portion of appellant's medical record. We think the trial court's ruling here was correct. Appellant had been treated by Dr. Goodlett for other troubles. She should have established that the services represented by the two bills were attributable to the accident; that they were necessary and that the charges were reasonable. In *Gimbel* v. *Laramie,* 181 Cal.App.2d 77, 81 [5 Cal.Rptr. 88], the court said: "It has long been the rule that the cost alone of medical treatment and hospitalization does not govern the recovery of such expenses. It must be shown additionally that the services were attributable to the accident, that they were necessary and that the charges for such services were reasonable. (*Harris* v. *Los Angeles Transit Lines, supra* [111 Cal.App.2d 593 (245 P.2d 35)]; *Guerra* v. *Balestrieri,* 127 Cal.App.2d 511, 520 [274 P.2d 443].)"

■ Appellant next contends that the damages are inadequate as a matter of law. The jury's verdict was for $3,500. Appellant's proven medical and hospital expense amounted to $1,565.53. In addition, appellant claimed a wage loss of $42.50 per week for approximately 57 weeks, or $2,422.50. Thus the jury's verdict was $488.03 less than the total claimed for medical and hospital expense and the claimed wage loss. Appellant contends that the jury made no award for pain and

suffering and hence the judgment may not stand. (See *Clifford* v. *Ruocco*, 39 Cal.2d 327 [246 P.2d 651]; *Reznick* v. *Hillman-Sidney Auto Sales*, 216 Cal.App.2d 569, 574 [30 Cal. Rptr. 889].)

In *Gersick* v. *Shilling*, 97 Cal.App.2d 641, 645 [218 P.2d 583], the court said: "The question as to the amount of damages is a question of fact. In the first instance, it is for the jury to fix the amount of damages, and secondly, for the trial judge, on a motion for a new trial, to pass on the question of adequacy." (See also *Horowitz* v. *Fitch*, 216 Cal.App.2d 303, 310, 311 [30 Cal.Rptr. 882], and cases cited.) The determination of the adequacy of damages rests largely in the discretion of the trial judge. An appellate court will disturb the verdict only where the amount of the award is not supported by substantial evidence or where the verdict is a clear abuse of the jury's discretion. (*Phillips* v. *Lyon*, 109 Cal.App. 264, 268-270 [292 P. 711]; see also *Roedder* v. *Rowley*, 28 Cal.2d 820, 823 [172 P.2d 353].) Here the jury, in evaluating appellant's injuries and the amount to be awarded for them, was not bound to accept her testimony concerning her inability to work and her consequent claim of wage loss. There was evidence that, about a week after the accident, appellant stated she had not been injured; that she suffered no visible cuts or bruises or objective signs of injury; that previous to the accident she had headaches, sinus trouble and backaches. Thus the jury could readily infer from this evidence that not all of appellant's claimed disabilities were attributable to injuries sustained in the accident for which respondent Sheldon was held responsible, and that appellant could have returned to work sooner than she actually did. Thus we cannot say that the jury allowed no amount for pain and suffering because upon the evidence before it, the jury may have allowed little or nothing for the claimed loss of wages. The question of the adequacy of damages was presented directly to the trial judge, unencumbered by any other issue, because the motion for a new trial was made upon the sole ground of the insufficiency of the evidence to justify the verdict. The trial judge heard all the witnesses, including appellant, and observed them as they offered their testimony. From his position of advantage he was able to review the verdict and to consider its adequacy in the light of his own knowledge of the trial and his independent evaluation of the evidence. His denial of the motion for a new trial carried with it his approval of the fairness and sufficiency of the jury's award, and upon the record before us, and the well-established rules

which govern our determination of the question, we cannot set the judgment aside.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied November 5, 1964, and appellant's petition for a hearing by the Supreme Court was denied December 2, 1964.