Filed 8/12/14  Palm Development Group v. Farahani CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PALM DEVELOPMENT GROUP, | B253724 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC113887) |
| v. | |
| POORAN FARAHANI et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment order of the Superior Court of Los Angeles County, Suzanne G. Bruguera, Judge.  Affirmed.

Roger A. S. Manlin for Plaintiff and Appellant.

Campbell & Farahani and Frances M. Campbell for Defendants and Respondents.

# I.  INTRODUCTION

Plaintiff, Palm Development Group, a California Limited Partnership, appeals from a December 12, 2013 judgment entered in favor of defendants, Pooran and Nima Farahani, in an unlawful detainer case.  The judgment was entered after the trial court granted defendants' summary judgment motion.  We affirm the judgment.

# II.  DISCUSSION

Plaintiff contends:  summary judgment was entered in violation of Code of Civil Procedure section 437c; the trial court granted summary judgment *sua sponte* without notice and contrary to the prior court orders; and plaintiff was not given an opportunity to file a written opposition or present oral opposition at the summary judgment hearing.  To support its contentions, plaintiff relies on the declaration of its counsel, Roger A. S. Manlin.  The declaration was filed in connection with plaintiff's recusal motion.  The declaration was filed two days after plaintiff appealed the summary judgment ruling.  Mr. Manlin's declaration discussed the prior court orders and the summary judgment hearing.

On June 4, 2013, plaintiff filed an ex parte application to continue the trial.  On June 6, 2013, the trial court entered a minute order continuing the summary judgment hearing date.  The minute order states in relevant part:  "In response to defendant's ex parte application, the court issues the following orders:  [¶]  Due to counsel's medical issues, the court advances the ex parte application and the motion for summary judgment from June 7, 2013, . . . to this date.  The court vacates the trial, final status conference, and motion for summary judgment.  This case is set for trial/summary judgment motion hearing date on September 10, 2013 at 10:00 a.m. in Department 71.  [¶]  The court, on its own motion, sets an Order to Show Cause why the unlawful detainer action should not be dismissed as possession is no longer an issue, also on September 10, 2013 at 10:00 a.m. in Department 71."  On June 7, 2013, the trial court entered a nunc pro tunc order,

amending the June 6, 2013 minute order. The June 7, 2013 minute order stated: "It appears that through inadvertence and clerical error, the June 6, 2013 minute order does not correctly reflect the court's order. That minute order is amended nunc pro tunc this date as follows: [¶] BY DELETING: This case is set for trial/summary judgment motion hearing date on September 10, 2013 at 10:00 a.m. in Department 71. [¶] BY ADDING: This case is set for trial/summary judgment motion setting conference on September 10, 2013 at 10:00 a.m. in Department 71."

Mr. Manlin's declaration next summarized what plaintiff contends occurred at the summary judgment hearing. Mr. Manlin declared: "On September 10, 2013, at the hearing of the trial/summary judgment motion setting conference, it was announced by Judge Bruguera at the outset of the hearing that the minute orders of June 6, 2013 and June 7, 2013 were prepared and entered by Judge Bruguera's former clerk without the court's knowledge or authorization, and were void and of no legal effect. Judge Bruguera then ruled on her own motion that she was granting the summary judgment motion filed May 31, 2013 in the [unlawful detainer] case, announcing from the bench that it was granted on the grounds that no opposition had been filed. Judge Bruguera prevented this declarant from offering any argument in opposition to entry of the order granting the motion for summary judgment, instructing me from the bench to limit my comments solely to admitting or denying whether [plaintiff] and David Kermani had filed opposition to the March 31, 2013 motion for summary judgment. Over my objections, I was instructed by Judge Bruguera not to argue with the court and to follow its instructions and answer its direct question. I acknowledged that no opposition had been filed to the May 31, 2013 motion for summary judgment."

The December 12, 2013 summary judgment granted judgment in favor of defendants. The judgment stated: "Due to procedural irregularities, the [motion for summary judgment] was not heard on June 7, 2013, and instead an Order to Show Cause . . . issued directing [plaintiff] to show cause on September 10, 2103, why the action should not be dismissed due to the fact that neither [defendant] was in possession of the Premises. [¶] On August 26, 0213, [plaintiff] filed a declaration in response to the

3

[order to show cause]. In the response, [plaintiff] did not dispute that the [d]efendants were not in possession of the premises. [¶] Having reviewed the [motion for summary judgment] and the evidence in support thereof, [plaintiff's] response to the [order to show cause], and having entertained argument of counsel, the Court finds that there is no dispute that [defendants] are not in possession of the Premises. . . . [¶] Possession is a necessary element in any unlawful detainer action. See [Code Civ. Proc.,] § 1161. The Court's jurisdiction in such a summary proceeding is limited by Code of Civil Procedure section 1174. Unless a plaintiff in an unlawful detainer action proves every element of his case, the Court is without jurisdiction to award past rent or holdover damages. See [Code Civ. Proc.,] § 1174. 'The primary purpose of [an unlawful detainer] action is for the recovery of the possession of the property. The recovery of rent is a mere incident to the main object. When the main object of the action fails, the incidents fall with it.' *See Markbam v. Fraklick* [(1934)] 2 Cal.2d 221, 227[]. [¶] Accordingly, the Motion for Summary Judgment is granted."

As noted, plaintiff contends the trial court did not permit its counsel to argue at the summary judgment hearing and cites to other alleged irregularities. But plaintiff has not provided this court with a reporter's transcript or a settled statement. On April 22, 2014, we requested the parties to brief whether plaintiff's failure to designate a reporter's transcript or suitable substitute warrants affirmance based on the inadequacy of the record. In response, plaintiff argues the absence of a reporter's transcript or suitable substitute for the September 10, 2013 summary judgment hearing is irrelevant. Defendants argue the record is in dispute.

Plaintiff contends Mr. Manlin's declaration, which detailed the circumstances of the September 10, 2013 hearing, provides an adequate record to support reversal of the summary judgment. We disagree. Rule 8.120(b) of the California Rules of Court states: "Except as otherwise provided in this chapter, the record on appeal in a civil case must contain the records specified in (a) and (b), which constitute the normal record on appeal. . . . [¶] (b) Record of oral proceedings [¶] If an appellant intends to raise any issue that requires consideration of the oral proceedings in superior court, the record on

4

appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137." Under California Rules of Court, rule 8.120, Mr. Manlin's declaration cannot serve as the record of the oral proceedings in the trial court.

A judgment is presumed to be correct and appellant has a duty to provide the reviewing court with an adequate record to demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494; *Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 58.) Plaintiff argues it had no notice of the summary judgment hearing. Plaintiff also contends the trial court did not permit its counsel to argue at the hearing. But the December 12, 2013 judgment states the trial court "entertained argument of counsel" at the summary judgment hearing. Without a proper record, we cannot determine what happened at that hearing. In numerous situations, courts have refused to reach the merits of an appellant's claims because no reporter's transcript or a suitable substitute was provided. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and minor consented to informal adjudication]; *Boeken v. Philip Morris, Inc.* (2005) 127 Ccal.App.4th 1640, 1672 [transcript of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [attorney fee award affirmed where trial transcript not provided]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent Etc. Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition];

5

*Sui v. Landi* (1985) 163 Cal.App.3d 383, 385 [order denying preliminary injunction dissolution affirmed based on lack of reporter's transcript]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713-714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to the jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript or settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 10 [order confirming arbitration award].)  In the absence of an adequate record, the judgment must be affirmed.

## III.  DISPOSITION

The December 12, 2013 judgment is affirmed.  Defendants, Pooran Farahani and Nima Farahani, shall recover their appeal costs from plaintiff, Palm Development Group, a California Limited Partnership.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.




We concur:




MOSK, J.




KRIEGLER, J.


6