Filed 10/16/15  O'Connor v. Pletcher CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BRITTANY O'CONNOR,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MITCHELL PLETCHER et al.,<br><br>    Defendants and Appellants. | B259610<br><br>(Los Angeles County<br>Super. Ct. No. BC517543) |

        APPEAL from an order of the Superior Court of Los Angeles County, Robert L. Hess, Judge.  Affirmed.

        Long & Delis, John A. Delis and Warren B. Campbell and Mitchell Pletcher, in pro. per., for Defendants and Appellants.

        Herrera & Associates and Alex H. Herrera for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendants, Mitchell Pletcher and Kyle Aaron, appeal from an order denying their motion to compel arbitration.  Plaintiff, Brittany O'Connor, was employed by Mr. Pletcher's production company as a dancer and choreographer for a theatrical show.  Plaintiff filed a complaint against defendants and other individuals for various causes of action, including violations of the Fair Employment and Housing Act.

Defendants moved to compel arbitration, citing an arbitration agreement signed by plaintiff and a codefendant, Mitchell Anthony Productions, LLC (the production company.)  Plaintiff argued the agreement was unconscionable.  The trial court denied defendants' motion.  The trial court found the contract was adhesive and imposed by defendants who were in a superior bargaining position.  The trial court also found the arbitration provision required plaintiff to pay arbitration costs for her Fair Employment and Housing Act claims, which was impermissible.

Defendants contend the arbitration provision was not unconscionable and should be enforced.  In the reply brief, defendants contend for the first time in this litigation in the alternative that any unconscionable provision should be severed.  We affirm the order denying the motion to compel arbitration..

# II.  BACKGROUND

## A.  Plaintiff's Complaint

Plaintiff filed her complaint on August 8, 2013.  She alleges the following.  Mr. Pletcher resides in Irvine, California.  He is the sole shareholder, director, and officer of the production company.  He is also the sole shareholder, director, and officer of Concord Investment Counsel, Incorporated, an investment company (the investment company).  Both companies are businesses based in Irvine, California.  Mr. Aron is the senior analyst

and portfolio manager for the investment company. Mr. Aron is accused of being a coconspirator and accomplice of Mr. Pletcher.

Plaintiff was hired by defendants to perform in a musical theater production called "Beautiful" in Manhattan Beach, California. Mr. Pletcher is the owner and producer of the musical. Defendants made misrepresentations regarding the production team's experience and false promises regarding compensation and work schedules. Defendants breached contracts by not performing, including promises regarding compensation and work schedule. Mr. Pletcher sexually harassed plaintiff and defendants created a hostile work environment for this to occur.

Plaintiff alleges numerous causes of action against defendants, including: fraud; constructive fraud; conspiracy to defraud; intentional and negligent misrepresentation; intentional interference with economic advantage; written and oral contract breach; contract breach by failure of consideration; breach of the good faith and fair dealing implied covenant; anticipatory breach; violations of the Fair Employment and Housing Act (disparate impact, failure to prevent harassment and discrimination, hostile work environment, and sexual harassment); intentional emotional distress infliction; sexual battery; intentional misclassification as an independent contractor; and unfair business practices in violation of Business and Professions Code section 17200.

B. Motion to Compel Arbitration

On September 24, 2013, Mr. Pletcher filed a motion to compel arbitration. Mr. Pletcher cited to an independent contractor's agreement (the agreement) signed by plaintiff with the production company. Mr. Pletcher signed on behalf of the production company. The agreement contains an arbitration provision, which provides: "In the event of any dispute arising under or involving any provision of this Agreement or any dispute regarding claims involving unlawful discrimination and/or unlawful harassment, not arising out of the termination of employment, or the termination of employment . . . , contractor [plaintiff] and the Company agree to submit any such dispute to binding

3

arbitration pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. section 1, et. Seq. [sic], if applicable, or the provisions of Title of Part III [sic] of the California Code of Civil Procedure, commencing at Section 1280 et. seq. . . . if the Federal Arbitration Act does not apply to contractor's employment . . . ." The arbitration provision further provides, "The contractor and the Company shall each bear their own costs for legal representation at any such arbitration and the cost of the arbitrator, court reporter, if any, and any incidental costs of arbitration." Mr. Pletcher contended that under both state and federal law, the arbitration provision should be enforced as to all of plaintiff's claims. On May 15, 2014, Mr. Aron joined in Mr. Pletcher's motion to compel arbitration. Mr. Pletcher later moved to reschedule the motion to compel arbitration hearing and re-filed his motion on June 3, 2014.

On August 5, 2014, plaintiff filed her opposition. Plaintiff argued the arbitration provision was unconscionable. Plaintiff contended procedural unconscionability was present based on the take-it-or-leave-it nature of the contract. Plaintiff argued the agreement was substantively unconscionable because the arbitrator selection process would always produce one favored by defendants. And plaintiff asserted the arbitration provision apportioned arbitration costs to the employee. Plaintiff also argued defendants waived arbitration and the arbitration provision did not apply to several claims. Plaintiff submitted a declaration in support in which she declared: "As a condition of my employment, Mr. Pletcher forced me, and every cast member, to sign an Independent Contractor Agreement. Mr. Pletcher did not allow for any negotiations, and presented the agreement on a 'take it or leave it' basis. The [agreement] was drafted entirely by Mr. Pletcher . . . . The process of signing the agreement and agreeing to the terms presented were dictator like in that Defendants had overwhelming bargaining power, and I had none. I was left with no choice but to either accept it as is, or not get the job."

4

## C. Order Denying Motion to Compel Arbitration

On August 21, 2014, the trial court heard argument on the motion to compel arbitration. The trial court subsequently issued an order denying the motion. First, the trial court found: "Plaintiff has met her burden to demonstrate the agreement is procedurally unconscionable as having been presented to her on a take-it-or-leave-it basis as a condition of her employment, as set forth in her declaration. At oral argument, Mr. Pletcher suggested that [plaintiff's] experience gave her superior bargaining power to him. The Court is not persuaded that this was the case. While there is no direct evidence either way, the background facts pleaded in this case make it appear that there were more dancers who had appropriate professional qualifications looking for work than there were available places in this production. There is no evidence to suggest that [plaintiff] was the only person who could serve as a dancer and/or dance captain on this production. The Court does not find the assertion that [plaintiff] was in an equal or even superior bargaining position to be persuasive." The trial court was not persuaded that plaintiff was the one who demanded an arbitration provision to be included in the agreement. Finally, the trial court found the arbitration provisions to be substantively unconscionable. The arbitration provision provides that plaintiff would always bear her own legal fees and the costs of arbitration. The trial court found such a provision, especially as they pertained to plaintiff's Fair Employment and Housing Act claims, would be impermissible. Additionally, the trial court found the arbitration provision failed to unambiguously provide for discovery. The trial court found the arbitration provision unenforceable, citing *Wherry v. Award, Inc.* (2011) 192 Cal.App.4th 1242, 1246-1250. Defendants appealed the order.

## III.  DISCUSSION

### A.  Legal Standards

Both state and federal laws favor enforcement of valid arbitration agreements. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 97 (*Armendariz*); *Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 25 [strong public policy in favor of arbitration].)  However, courts will not enforce arbitration provisions that are unconscionable or contrary to public policy.  (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (U.S.), LLC* (2012) 55 Cal.4th 223, 247 (*Pinnacle Museum*); *Armendariz, supra,* 24 Cal.4th at p. 114.)  Under the terms of the arbitration provision, the Federal Arbitration Act applies.  The United States Supreme Court has held:  "[Title 9, United States Code, section 2] permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'  This saving clause permits agreements to arbitrate to be invalided by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.  [Citations.]"  (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___, ___ [131 S.Ct. 1740, 1746] quoting title 9 U.S.C. § 2; accord, *Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1143 (*Sonic-Calabasas*) ["[I]t has long been the proper role of courts enforcing the common law to ensure that the terms of a bargain are not unreasonably harsh, oppressive, or one-sided."]; see Code Civ. Proc., § 1281 [ "A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract."].)  The party opposing arbitration, in this case plaintiff, bears the burden of proving that an arbitration agreement is unenforceable based on unconscionability.  (*Pinnacle Museum, supra,* 55 Cal.4th at p. 247; *Chin v. Advanced Fresh Concepts Franchise Corp.* (2011) 194 Cal.App.4th 704, 708.)

6

Our Supreme Court has stated: "Unconscionability consists of both procedural and substantive elements. The procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power. [Citations.] Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided. [Citations.]" (*Pinnacle Museum, supra,* 55 Cal.4th at p. 246; *Armendariz*, *supra*, 24 Cal.4th at p. 114.) Both procedural and substantive unconscionability must be shown. However, they need not be present to the same degree and are evaluated on a sliding scale. (*Pinnacle Museum, supra,* 55 Cal.4th at p. 246; *Armendariz, supra,* 24 Cal.4th at p. 114.) Our Supreme Court explained: "'[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.' [Citation.]" (*Pinnacle Museum, supra,* 55 Cal.4th at p. 247; accord, *Armendariz, supra,* 24 Cal.4th at p. 114.)

The trial court's arbitrability determination is reviewed de novo if there is no disputed extrinsic evidence. (*Pinnacle Museum, supra,* 55 Cal.4th at p. 236; *Suh v. Superior Court* (2010) 181 Cal.App.4th 1504, 1511.) The unconscionability of an arbitration provision is ultimately a question of law. (*Parada v. Superior Court* (2009) 176 Cal.App.4th 1554, 1567; *Suh v. Superior Court, supra,* 181 Cal.App.4th at p. 1511.) Thus, we review the agreement to arbitrate de novo to determine unconscionability when the extrinsic evidence is undisputed. (*Ibid.*; *Gatton v. T-Mobile USA, Inc.* (2007) 152 Cal.App.4th 571, 579.) To the extent the trial court's determination of unconscionability is based upon resolution of disputed evidence, its rulings are reviewed for substantial evidence. (*McCaffrey Group, Inc. v. Superior Court* (2014) 224 Cal.App.4th 1330, 1347; *Gutierrez v. Autowest, Inc.* (2003) 114 Cal.App.4th 77, 89.)


B. Inadequate Record


Defendants have failed to provide a reporter's transcript or a suitable substitute of the hearing on the motion to compel arbitration. Hence, the appropriate course of action

is to affirm the order under review.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *In re Kathy P.* (1979) 25 Cal.3d 91, 102.)  In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided.  (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles, supra,* 43 Cal.3d at pp. 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P., supra,* 25 Cal.3d at p. 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]; *Boeken v. Philip Morris Inc.* (2005) 127 Cal.App.4th 1640, 1672 [transcript of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorney fees sought]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Hernandez v. City of Encinitas* (1994) 28 Cal.App.4th 1048, 1076-1077 [legal issue arising during preliminary injunction hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent etc. Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385-386 [motion to dissolve preliminary injunction hearing]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713-714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to the jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript or settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 10 [order confirming arbitration award].)

C.  Fair Employment and Housing Act Claims and Arbitration

Our Supreme Court explained:  "[A]rbitration agreements that encompass *unwaivable* statutory rights must be subject to particular scrutiny."  (*Armendariz, supra,* 24 Cal.4th at p. 100; see *D.C. v. Harvard-Westlake School* (2009) 176 Cal.App.4th 836, 850.)  Our Supreme Court stated:  "It is indisputable that an employment contract that required employees to waive their rights under the [Fair Employment and Housing Act] to redress sexual harassment or discrimination would be contrary to public policy and unlawful."  (*Armendariz, supra,* 24 Cal.4th at pp. 100-101; see *Ellis v. U.S. Security Associates* (2014) 224 Cal.App.4th 1213, 1220-1221.)  In the context of Fair Employment and Housing Act claims, our Supreme Court required certain protections to prevent such waiver:  the arbitration agreement may not limit the damages normally available under the statute (*Armendariz, supra,* 24 Cal.4th at p. 103); there must be discovery sufficient to adequately arbitrate the employee's statutory claim (*id.* at p. 106); there must be a written arbitration decision and judicial review "'sufficient to ensure that arbitrators comply with the requirements of the statute'" (*ibid.*); and the employer must "pay all types of costs that are unique to arbitration" (*id.* at p. 113).  (Accord, *Sonic-Calabasas, supra,* 57 Cal.4th at p. 1130; *Little v. Auto Stiegler, Inc.* (2003) 29 Cal. 4th 1064, 1076 (*Little*).)

Here, the arbitration provision explicitly requires that the employer and the employee shall bear:  "their own costs for legal representation at any such arbitration"; "the cost of the arbitrator, court reporter, if any"; and "any incidental costs of arbitration."  The arbitration provision applies to Fair Employment and Housing Act claims and requires the plaintiff to:  pay her legal fees; pay all arbitration costs including arbitrator and court reporter fees; and pay all incidental costs.  This is a violation of public policy as a matter of law under controlling California Supreme Court authority.  (*Armendariz, supra,* 24 Cal.4th at pp. 103, 113; see *Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066, 1087.)

9

### D. Unconscionability

#### 1. Procedural Unconscionability

Defendants contend the arbitration provision is not procedurally unconscionable. Plaintiff asserts oppression is present because the contract was adhesive and provided on a take-it-or-leave-it basis. Defendants assert the trial court erred by finding procedural unconscionability because contracts of adhesion are not necessarily procedurally unconscionable.

As previously stated, procedural unconscionability focuses on oppression or surprise because of unequal bargaining power. (*Pinnacle Museum, supra,* 55 Cal.4th at p. 246; *Armendariz, supra,* 24 Cal.4th at p. 114.) Substantial evidence supports the trial court's finding that the agreement is an adhesive contract and thus oppressive. Plaintiff declared the contract was imposed on her and other performers by Mr. Pletcher as a condition of employment with no opportunity to negotiate. The trial court found that the background facts indicated Mr. Pletcher had the superior bargaining position over plaintiff. Given the facts accepted by the trial court, it could correctly rule the arbitration provision was procedurally unconscionable.

#### 2. Substantive Unconscionability

Substantive unconscionability focuses on overly harsh or unfairly one-sided results. (*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 910-911; *Sonic-Calabasas, supra,* 57 Cal.4th at p. 1133; *Little, supra,* 24 Cal.4th at p. 1071.) As noted, the arbitration provision, which applies to Fair Employment and Housing claims, violates public policy. Under these circumstances, the arbitration provision which violates public policy qualifies as an overly harsh or one-sided result. (See *Armendariz, supra,* 24 Cal.4th at p. 111; *Ontiveros v. DHL Express (USA), Inc.* (2008) 164 Cal.App.4th 494, 510.) The arbitration provision required each party to bear his or her own arbitration

costs. As previously stated, this provision violates the Fair Employment and Housing Act. (See *Little, supra,* 29 Cal.4th at p. 1076; *Armendariz, supra,* 24 Cal.4th at p. 113.)

The arbitration provision also required each party to bear his or her own legal representation costs. This requirement abrogates plaintiff's right to the discretionary recovery of attorney's fees as a prevailing party to a Fair Employment and Housing Act claim. (Gov. Code, § 12965, subd. (b) ["In civil actions brought under this section, the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees."].) "'In [Fair Employment and Housing Act] actions, attorney fee awards, which make it easier for plaintiffs of limited means to pursue meritorious claims . . . "are intended to provide 'fair compensation to the attorneys involved in the litigation at hand and encourage[] litigation of claims that in the public interest merit litigation.'" [Citation.]' (*Chavez v. City of Los Angeles* [(2010)] 47 Cal.4th [970,] 984." (*Trivedi v. Curexo Technology Corp.* (2010) 189 Cal.App.4th 387, 394.) Because the arbitration provision requires plaintiff to pay her own attorney's fees in violation of her Fair Employment and Housing Act rights, the provision is substantively unconscionable. (See *id.* at pp. 394-396; accord, *Wherry v. Award, Inc., supra,* 192 Cal.App.4th at p. 1249.)

Defendants rely on *Boghos v. Certain Underwriters at Lloyd's of London* (2005) 36 Cal.4th 495, 499-508 (*Boghos*), to contend that requiring parties to share arbitration costs is proper. *Boghos* involved an arbitration provision in an insurance policy and contract breach claims. (*Id.* at pp. 499-500.) The plaintiff argued the policy's arbitration clause was unenforceable under *Armendariz* and *Little* because it required him to pay costs he would not have to pay by suing in court. (*Id.* at p. 505.) Our Supreme Court held: "[W]e have not extended the *Armendariz/Little* cost-shifting rule to common law claims generally. The rule is a judicially created exception to Code of Civil Procedure section 1284.2, which provides that the parties to an arbitration agreement do share costs '[u]nless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree . . . .' We justified our creation of the exception in *Armendariz, supra,* 24 Cal.4th 83, by reasoning that section 1284.2 'is a default provision and the agreement

11

to arbitrate a statutory claim [e.g., a [Fair Employment and Housing Act] claim] is implicitly an agreement [by the employer] to abide by the substantive remedial provisions of the statute' (*Armendariz*, at p. 112), and to pay 'all types of cost that are unique to arbitration.' (*Id.* at p. 113.) . . . To extend *Armendariz* to the arbitration of claims not carefully tethered to statutory or constitutional provisions would seem an arbitrary refusal to enforce section 1284.2, a legislative act . . . ." (*Boghos, supra,* 36 Cal.4th at pp. 507-508 [fn. omitted].) *Boghos* is inapposite. (See *Parada v. Superior Court* (2009) 176 Cal.App.4th 1554, 1579; *D.C. v. Harvard-Westlake School, supra,* 176 Cal.App.4th at pp. 853-855, 861.) Here, plaintiff brought Fair Employment and Housing Act claims against her former employer, Mr. Pletcher. The requirements stated in *Armendariz*, including the cost-shifting rule, apply to this action. The trial court did not err by finding substantive unconscionability.

## E.  Severance

Defendants contend that any unconscionable provision can be severed and the matter proceed to arbitration. Civil Code section 1670.5 provides, "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." (See *Carmona v. Lincoln Millennium Car Wash, Inc.* (2014) 226 Cal.App.4th 74,83.) Our Supreme Court held: "[T]he statute [Civil Code section 1670.5] appears to give a trial court some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement. But it also appears to contemplate the latter course only when an agreement is 'permeated' by unconscionability." (*Armendariz, supra,* 24 Cal.4th at p. 122; see also Civ. Code, § 1599 ["Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest."].)  There is

12

no evidence defendants raised the severance issue in the trial court. Defendants raise this issue for the first time on appeal in their reply brief.

First, based on the record provided, the severance issue is being raised for the first time on appeal. There is no evidence plaintiff sought to sever any improper contractual terms in the trial court. The severance issue is thus forfeited. (*Samaniego v. Empire Today LLC* (2012) 205 Cal.App.4th 1138, 1149; see *Gutierrez v. Autowest, Inc.* (2003) 114 Cal.App.4th 77, 93 [plaintiff waived the right to argue that severance of unconscionable terms could not occur by failing to raise the issue in the trial court].)

Second, issues raised for the first time on appeal in a reply brief will not be considered absent good cause shown for the failure to present the issue before. (*Kasem v. Dion-Kindem* (2014) 230 Cal.App.4th 1395, 1401-1402; *Series-AGI West Linn of Appian Group Investors DE, LLC v. Eves* (2013) 217 Cal.App.4th 156, 168; *Scott v. CIBA Vision Corp.* (1995) 38 Cal.App.4th 307, 322.) Defendants have presented no good cause. We decline to consider the merits of severing the unlawful terms here as these contentions were forfeited..

## IV.  DISPOSITION

The order denying the motion to compel arbitration is affirmed.  Plaintiff, Brittany O'Connor, may recover her appeal costs from defendants, Mitchell Pletcher and Kyle Aron.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


KIRSCHNER, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.