Filed 1/27/25  Song v. Ni CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| WEIHUI SONG,<br><br>    Plaintiff, Cross-defendant and Appellant,<br><br>    v.<br><br>HAIJIA NI et al.,<br><br>    Defendants, Cross-complainants and Respondents. | H051534<br>(Santa Clara County<br>Super. Ct. No. 22CV406059) |

### MEMORANDUM OPINION[1]

Plaintiff and cross-defendant Weihui Song (Song) appeals a judgment entered against him following a bench trial.  The trial court found Song failed to prove his breach of contract claim against defendants and cross-complainants Haijia Ni and Jim Ni (collectively, Respondents), and it found in favor of Respondents' cross-complaint against Song for property damage and unpaid rent.  Respondents did not file a response to Song's opening brief.  Because Song has not provided an adequate opening brief nor an adequate record on appeal to enable meaningful appellate review, we affirm.

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 852-855.)

We are guided by well-established principles of appellate review. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, [based on] the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*), citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) It is the appellant's burden to provide this court with an adequate record on appeal. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 72.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) When an appellant asserts a point on appeal " 'but fails to support it with reasoned argument and citations to authority' [citation]" (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862) or fails to support it with appropriate record citations (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887), this court may treat the point as forfeited. (See Cal. Rules of Court, rule 8.204(a)(1)(C) [requiring parties to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)[2] We are not required to search the record for error (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*)), and "[w]e are not bound to develop appellants' arguments for them. [Citation.]" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

Song has not adhered to these fundamental rules of appellate procedure. Song's opening brief generally conveys his belief that the trial court failed to consider his evidence and incorrectly applied the law. However, his brief contains no citations to the

_____

[2] Subsequent undesignated references to rules of court are to the California Rules of Court.

2

record and lacks sufficient factual or legal support.  Accordingly, Song has forfeited his arguments on appeal.  (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 870.)

Moreover, due to the minimal record on appeal, Song's arguments are largely unintelligible.  While Song refers to pictures and other evidence that he presented to the judge at trial, we have no record of what occurred at trial as Song elected to proceed without a court reporter's transcript or an authorized substitute of the oral proceedings.  (See rules 8.134-8.137.)  No exhibits are included in the record on appeal, nor does it appear that Song designated any exhibits admitted at trial to be included in the record on appeal.[3]  Neither party requested a statement of decision from the trial court; thus, the only record on appeal of the trial court's proceedings is a three-page judgment that states the court's ultimate conclusions.  We do not presume error on a silent record.  (*Denham*, *supra*, 2 Cal.3d at p. 564; *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.)  These limitations make it impossible to determine the nature of any alleged error, particularly given the deferential standard of review that this court must apply.  Consequently, we must presume the evidence supports the trial court's findings and its resulting judgment was proper based on those findings.  (*Jameson*, *supra,* 5 Cal.5th at p. 609.)

Song also contends the judgment contains typographical errors.  Specifically, the paragraph identifying the appearances made at trial misspells the parties' names, and the paragraph stating the amount awarded is missing a checked box next to the words "[p]rejudgment interest at the annual rate of 10%[.]"  However, Song did not state why these typographical errors require reversal of the judgment, and we see none.  (See, e.g.,

---

[3] The last page of Song's opening brief is titled "Evidence link" and it contains, without any explanation, several hyperlinks to what appears to be files stored in an online account belonging to Song.  We cannot consider these documents.  If they were copies of the exhibits admitted, refused or lodged during the trial, Song failed to include them in his notice designating the record on appeal (rule 8.122(a)(3)), and failed to comply with rule 8.224 to transmit such evidence to this court properly.  If they were documents not before the trial court, they are beyond the scope of our review.  (*Glassman v. Safeco Ins. Co. of America* (2023) 90 Cal.App.5th 1281, 1307.)

*People v. Carr* (1988) 204 Cal.App.3d 774, 780, fn. 7 [defendant not entitled to reversal based on insignificant typographical error].)

      We are mindful of the fact that Song is self-represented, but this does not exempt him from compliance with the general rules set forth above. We must treat a party who acts as his own attorney like any other party and hold him to the rules of procedure. (*Nwosu*, *supra*, 122 Cal.App.4th at p. 1247.)

### DISPOSITION

      The judgment is affirmed. In the interests of justice, no costs are awarded because Respondents did not file a response. (Rule 8.278(a)(5).)

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Danner, J.

H051534
Song v. Ni, et al.