Filed 3/7/25  Senior v. Whitfield CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CHRISTINA SENIOR,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL WHITFIELD,<br><br>    Defendant and Appellant. | H051763<br>(Santa Clara County<br>Super. Ct. No. 17DV000096) |

**MEMORANDUM OPINION**[1]

Michael Whitfield (Whitfield), representing himself, appeals from an order denying his request to vacate a domestic violence restraining order (DVRO) entered against him in 2017.  Respondent Christina Senior (Senior) has not filed a response.  Because Whitfield has provided neither an adequate opening brief nor an adequate record on appeal to enable meaningful appellate review, we affirm.

Based on the sparse record on appeal,[2] it appears that, in February 2017, Senior requested and obtained a temporary DVRO against Whitfield in this case.  In August 2017, the trial court issued a DVRO after hearing against Whitfield (2017 DVRO).  The

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 852-855.)

[2] The record contains only the following from the hearing at issue: the minute order, Whitfield's proposed settled statement, the court's settled statement, and the court's register of actions for the underlying case.

trial court's register of actions indicates that, between 2017 and 2019, the court held several hearings related to requests for orders filed by Whitfield including a request to "set aside restraining order." Thereafter, this case was dormant until 2023, when Whitfield filed a request for order (RFO) to "vacate/expunge 2017 DVRO due to res judicata." The trial court heard the RFO in December 2023, denied Whitfield's request, and Whitfield timely appealed.

There was no court reporter present at the December 2023 hearing. Whitfield filed a proposed settled statement which was not adopted by the trial court. The trial court filed a modified settled statement which stated in part: "Argument was made by both sides. No exhibits were presented. [¶] The Court denied the motion, finding [Appellant] did not present legal authority for his request, the request was untimely, and the issue was moot, as the DVRO had expired in 2020. [¶] Further, the Court denied [Appellant's] 10/25/17 [*sic*] and 10/25/17 Requests for Orders to set aside the 8/2/17 DVRO on 11/7/17."

Whitfield contends the trial court should have vacated the 2017 DVRO as a void judgment because California had no personal jurisdiction over him as a Nevada resident, the Nevada court had issued a final judgment prior to the 2017 DVRO and therefore had exclusive jurisdiction, and the order was obtained by Senior and her attorney through fraudulent means. Whitfield further contends there was no substantial evidence to support the findings, Senior was never afraid of him, and Senior used the DVRO as leverage to obtain a more favorable custody agreement and result in the Nevada proceedings. Whitfield asserts that he was a law enforcement officer and, because of the 2017 DVRO, he lost his rights to possess firearms, effectively ending his career.

We are guided by well-established principles of appellate review. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, [based on] the record presented to the appellate court, that the trial court committed an error that

2

justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*), citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) It is the appellant's burden to provide this court with an adequate record on appeal. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 72.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) When an appellant asserts a point on appeal " 'but fails to support it with reasoned argument and citations to authority' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862) or fails to support it with appropriate record citations (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887), this court may treat the point as forfeited. (See Cal. Rules of Court, rule 8.204(a)(1)(C) [requiring parties to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)[3] We are not required to search the record for error (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*)), and "[w]e are not bound to develop appellants' arguments for them. [Citation.]" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

Whitfield has not adhered to these fundamental rules of appellate procedure. His brief contains no citations to the record and lacks sufficient factual or legal support. Accordingly, Whitfield has forfeited his arguments on appeal. (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 870.)

Moreover, due to the limited record on appeal, Whitfield has not shown whether the arguments he now makes on appeal were raised before the trial court. (*Jimenez v. 24 Hour Fitness USA, Inc*. (2015) 237 Cal.App.4th 546, 567 [arguments not raised before

_____

[3] Subsequent undesignated references to rules of court are to the California Rules of Court.

the trial court are generally not considered for the first time on appeal].)  While Whitfield claims he presented documents from the Nevada proceedings and other evidence to the trial court, the settled statement expressly states that "No exhibits were presented." Finally, Appellant failed to provide records from any of the prior trial court proceedings in 2017 and 2018, including his prior request to set aside the 2017 DVRO which was previously denied.  These limitations make it impossible to determine the nature of any alleged error, particularly given the deferential standard of review that this court must apply.  We do not presume error on a silent record.  (*Denham*, *supra,* 2 Cal.3d at p. 564; *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.)  Consequently, we must presume the evidence supports the trial court's findings and its resulting judgment was proper based on those findings.  (*Jameson*, *supra,* 5 Cal.5th at p. 609.)

We are mindful of the fact that Whitfield is self-represented, but this does not exempt him from compliance with the general rules set forth above.  We must treat a party who acts as his own attorney like any other party and hold him to the rules of procedure.  (*Nwosu*, *supra*, 122 Cal.App.4th at p. 1247.)

### DISPOSITION

The order entered on December 11, 2023 denying Whitfield's request for order is affirmed.  In the interests of justice, no costs are awarded because Respondent did not file a response.  (Rule 8.278(a)(5).)

_____

Greenwood, P. J.

WE CONCUR:

_____

Danner, J.

_____

Bromberg, J.

H051763 Senior v. Whitfield