Filed 1/27/26  Marriage of Pimentel CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of Candelaria PIMENTEL and Antonio PIMENTEL SANCHEZ. | H052854 (Santa Clara County Super. Ct. No. 21FL001221) |
| CANDELARIA PIMENTEL, Respondent, v. ANTONIO PIMENTEL SANCHEZ, Appellant. | |

**MEMORANDUM OPINION**[1]

Appellant Antonio Pimentel Sanchez appeals from a judgment on reserved issues following the dissolution of his marriage to respondent Candelaria Pimentel.  Ms. Pimentel did not file a respondent's brief, so we decide the appeal based on Mr. Sanchez's opening brief and the record he supplied.  (Cal. Rules of Court, rule 8.220(a)(2).)[2]  Mr. Sanchez seeks reversal of the judgment because: a) the trial court failed to provide timely notice of proceedings; b) Ms. Pimentel submitted a fraudulent

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 852-855.)

[2] All future rule references are to the California Rules of Court.

income and expense declaration; and c) the court failed to provide a competent Spanish-language interpreter.  We find no reversible error and therefore affirm.

The record on appeal is limited to a status-only judgment, a judgment on reserved issues, the related minute orders, the notices of entry of both judgments, and the register of actions.  From this limited record, the following facts and procedural history may be discerned.  Ms. Pimentel filed a petition for dissolution of marriage without minor children in April 2021.  Mr. Sanchez, then in state custody, filed a response several months later.  During 2021 and 2022, the court set multiple settlement officer conferences by agreement of the parties, as reflected in the notation "set by agmt," and issued notices of status conferences.

Thereafter, the case remained inactive until Mr. Sanchez filed a request for trial in March 2024, followed by a status conference in May 2024.  In July 2024, Ms. Pimentel filed a request to bifurcate and terminate marital status, along with a proof of service by mail.  The court granted her request on October 3, 2024 and filed the status-only judgment on October 21.  The notice of entry reflects that the judgment was mailed to Mr. Sanchez at Soledad State Prison.  The court held a status conference on October 24, 2024 and conducted a hearing on November 14, at which both parties were present.  At the hearing, the trial court made findings and orders on the reserved issues as it related to the parties' assets and debts and directed Ms. Pimentel's counsel to prepare the judgment. The judgment on reserved issues was filed on December 3, 2024.  Mr. Sanchez timely appealed.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*), citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).)  It is the appellant's burden to provide this court with an adequate record on appeal.  (*Maria P.*

2

*v. Riles* (1987) 43 Cal.3d 1281, 1295; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 72.)  An inadequate record "will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Jameson*, at p. 608.)  In other words, " '[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Id*. at p. 609, fn. omitted.)

Mr. Sanchez's failure to provide an adequate appellate record precludes review of the merits of his claims.  He first contends the trial court failed to provide timely notice of settlement and status conferences, failed to file documents he submitted in connection with the status conferences, and failed to serve him with minute orders from those conferences.  The register of actions, however, reflects that the settlement conferences were set by agreement and that notices of the status conferences were filed months in advance of the scheduled hearings.  Mr. Sanchez did not include any of those notices in the appellate record.  In the absence of a complete record, he has forfeited his challenges. (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [record is inadequate if appellant omits information supporting affirmance of the trial court's ruling].)

His contentions also fail for lack of prejudice.  " 'Prejudice is not presumed, and the burden is on the appealing party to demonstrate that a miscarriage of justice has occurred. [Citations.]' [Citation.]" (*Turman v. Turning Point of Central California, Inc.* (2010) 191 Cal.App.4th 53, 58.)  Mr. Sanchez offers only conclusory assertions of due process violations, which do not suffice.  Even assuming deficiencies with notice of the prior settlement and status conferences in 2022 and 2024, Mr. Sanchez has not shown how such errors prejudiced him with respect to the December 3, 2024 judgment on reserved issues, the matter at issue on this appeal.  He does not dispute that he received notice of, and appeared at, the November 14, 2024 hearing at which the court made the orders pertaining to the judgment.  The record contains no indication that he objected on notice grounds at the November 14 hearing or raised any of the arguments he now asserts on appeal.

Next, Mr. Sanchez contends Ms. Pimentel submitted fraudulent information on her income and expense declaration and, therefore, the case should "be remanded back to the [trial court] for a full examination of the facts, and grant [him] equal share of the community assets." Mr. Sanchez, however, did not designate the allegedly fraudulent income and expense declaration for inclusion in the appellate record. In the absence of a reporter's transcript or an authorized substitute (rules 8.134-8.137), the record is silent as to what occurred in the proceedings leading to the judgment on reserved issues. We do not presume error on a silent record. (*Denham*, *supra*, 2 Cal.3d at p. 564; *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.)

The same problem undermines Mr. Sanchez's claim that the court-appointed Spanish interpreter at the November 14, 2024 hearing was "incompetent, [ ] unhelpful, and combative at times." His allegations are unsupported by record citations, as he did not provide any transcript or authorized substitute from the hearing. Moreover, the record does not show that Mr. Sanchez objected to the interpreter's competency at the November 14 hearing or at any time during the proceedings. "When no objection is raised to the competence of the interpreter during trial, the issue cannot be raised on appeal. [Citations.]" (*People v. Aranda* (1986) 186 Cal.App.3d 230, 237.)

In sum, without an adequate record, we cannot resolve Mr. Sanchez's claims on the merits, and the issues must be resolved against him. (*Jameson*, *supra*, 5 Cal.5th at pp. 608–609.) We are mindful that Mr. Sanchez is self-represented, but this does not exempt him from compliance with the general rules set forth above. We must treat a party who acts as their own attorney like any other party and hold them to proper rules of procedure. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

### DISPOSITION

The judgment is affirmed. In the interests of justice, the parties shall bear their own costs on appeal. (Rule 8.278(a)(5).)

4

_____

KULKARNI, J.*

WE CONCUR:

_____

DANNER, ACTING P. J.

_____

LIE, J.

_Pimentel v. Pimentel Sanchez_

H052854

---

* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.